IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS CHURCHRAY | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-CV-531 |
| | : | |
| PARK PLACE ENTERPRISES, INC., | : | |
| SHAMINY BROOK APARTMENTS, | : | |
| JULIE MCDONALD, and WALT | : | |
| LLEWELLYN IV | : | |

**SURRICK, J.**                                                    **JUNE 30, 2006**

**<u>MEMORANDUM & ORDER</u>**

Presently before the Court is Defendants' Motion To Dismiss Counts Four And Five Of

The Complaint (Doc. No. 5).  For the following reasons Defendants' Motion will be granted in part

and denied in part.

## I.      COUNT FOUR

Defendants move for dismissal of Counts Four and Five under Federal Rule of Civil

Procedure 12(b)(6).  (Doc. No. 5. at 1.)  Rule 12(b)(6) allows a court to dismiss a complaint for

failure to state a claim.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests

the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley

v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245,

247 (3d Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  We note,

however, that Defendants' argument for dismissal of Count Four is, in actuality, a motion under

Rule 12(b)(1) for lack of subject matter jurisdiction.  We will therefore apply the appropriate

standard for a motion to dismiss pursuant to Rule 12(b)(1).  *See Klagsbrun v. Va'ad Harabonim

of Greater Monsey*, 53 F. Supp. 2d 732, 734 (D.N.J. 1999) (court considered defendants' Rule

12(b)(6) motion, which appeared to directly challenge the court's power to entertain the matter, under Rule 12(b)(1)).

Defendants contend that Count Four of Plaintiff's Complaint, which alleges a violation of the Pennyslvania Human Relations Act (PHRA) by Defendants McDonald and Llewellyn, must be dismissed because the charge that Plaintiff submitted to the Pennsylvania Human Relations Commission (PHRC) did not list McDonald and Llewellyn as respondents.  Ordinarily, a Title VII or PHRA action may only be filed against a party named in the administrative action.  In the charge that Plaintiff filed with the EEOC and PHRC, attached as an exhibit to Defendants' Motion, McDonald and Llewellyn are not named as respondents.  (Doc. No. 5 at Ex. A.) However, in the body of the charge, Plaintiff names both McDonald and Llewellyn and describes their involvement in the alleged discrimination.  Plaintiff contends that this is sufficient to confer jurisdiction over his claims against McDonald and Llewellyn.

Plaintiff, as the party asserting the existence of subject matter jurisdiction, has the burden of establishing a proper basis for that jurisdiction.  *Dreisbach v. Cummins Diesel Engines, Inc.*, 848 F. Supp. 593, 596 (E.D. Pa. 1994) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)); *see also Cronin v. Martindale Andres & Co.*, 159 F. Supp. 2d 1, 9 (E.D. Pa. 2001) (for the purposes of defendant's motion to dismiss for lack of subject matter jurisdiction in a discrimination case, "plaintiff has no factual presumption in her favor and bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over [defendant]").  Plaintiff cites to *Garvey v. Dickinson College*, 761 F. Supp. 1175, 1187 (M.D. Pa. 1991), and contends that the *Garvey* court found that "the mention of the individual defendant in the charge's '. . . detailed recitation of the facts. . .' indicated the role the

individual defendant had played in the alleged discrimination" and constituted sufficient reference to confer jurisdiction over the individual defendant on the PHRA charge.  (Doc. No. 6 at 6.)  Plaintiff's reliance on *Garvey* is misplaced.  The plaintiff in *Garvey* provided the court with an affidavit from counsel attesting to the fact that the unnamed party was present at the fact-finding conference held before the PHRC.  *Garvey*, 761 F. Supp. at 1187 n.20.  Thus, there was no question but that the unnamed party had actual notice of the allegations and the opportunity to respond before suit was even filed.  By contrast, in the case at bar there is no evidence before the Court to indicate McDonald and Llewellyn even knew about the accusations of discrimination that were being made against them.

Plaintiff also cites to *Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), and argues that the Court has jurisdiction over McDonald and Llewellyn because "[t]he Third Circuit does not require a party to be named in an administrative charge if the unnamed party shares a commonality of interest with the named party."  (Doc. No. 6 at 6.)  The identity of interest exception to the rule that a plaintiff may not bring a discrimination action against a party not named in the underlying administrative complaint requires that the unnamed party receive actual notice of the complaint and that there is a shared commonality of interest between the named and unnamed parties.  *Cronin*, 159 F. Supp. 2d at 9 (citing *Schafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 251-52 (3d Cir. 1990)).  However, this exception applies only when the plaintiff is not represented by counsel at the time that the administrative complaint is filed.  *Id.*; *Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 764 n.3 (E.D. Pa. 2005).  In this case, in addition to the aforementioned lack of evidence that McDonald and Llewellyn had actual notice

of the administrative complaint, the record indicates nothing with regard to whether Plaintiff was represented by counsel when the PHRC charge was filed.

Since Plaintiff has the burden of establishing that this Court has subject matter jurisdiction and since it is not disputed that McDonald and Llewellyn were not respondents in the administrative pleadings, it is incumbent upon Plaintiff to establish that McDonald and Llewellyn had actual knowledge of or participated in the administrative proceedings and that Plaintiff was not represented at the time of the filing of the administrative complaint.  Plaintiff has failed to establish either of these facts.  Under the circumstances, we are compelled to conclude that the Court does not have jurisdiction over the claims against either McDonald or Llewellyn.  Accordingly, Defendants Motion to dismiss Count Four of Plaintiff's Complaint will be granted.

## II.      COUNT FIVE

Count Five of the Complaint alleges intentional infliction of emotional distress against all Defendants.  Generally, such claims arising out of an employment relationship are barred by the exclusivity provision of the Pennsylvania Workmen's Compensation Act (PWCA), 77 Pa. Cons. Stat. § 481(a).  *Imboden v. Chowns Commc'ns*, 182 F. Supp. 2d 453, 456 (E.D. Pa. 2002) (citing *Matczak v. Frankford Cany & Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997)).  However, there is a limited exception where the employee's injuries are "caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee or because of his employment."  *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 160 (3d Cir. 1999).  This is known as the "personal animus" or "third party attack" exception.  *Joyner v. Sch. Dist. of Phila.*, 313 F. Supp. 2d 495, 503 (E.D. Pa. 2004).  To state a cognizable claim under the

personal animus exception, an employee must demonstrate that the injury that he or she suffered "resulted from an intentional act . . . committed by a co-worker or someone else other than the employer." *Hettler v. Zany Brainy, Inc.*, Civ. A. No. 99-3879, 2000 U.S. Dist. LEXIS 14537, at *13 (E.D. Pa. Sept. 26, 2000). "[T]he act cannot be one which would be expected in the workplace," and the tortfeasor "must have been motivated by personal animus." *Id*. The "critical inquiry" in determining whether the personal animus exception applies "is whether the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and was sufficiently unrelated to the work situation so as to not arise out of the employment relationship." *Fugarino v. Univ. Servs.*, 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000). "If the third party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception and is covered exclusively by the [PWCA]." *Hancuff v. Prism Techs. & Assemblies, LLC*, 357 F. Supp. 2d 828, 832 (W.D. Pa. 2005) (quoting *Abbott v. Anchor Glass Container Corp.*, 758 A.2d 1219, 1224 (Pa. Super. Ct. 2000)). Moreover, there is a rebuttable presumption that an injury is work-related where it occurs on the employer's premises. *Id.*

Here, Plaintiff's Complaint alleges that McDonald made "unwanted sexual comments, invitations, and touchings" towards Plaintiff and that this sexual harassment occurred in the workplace. (Doc. No. 1 ¶¶ 22-25.) In addition, Plaintiff alleges that McDonald "engaged in a regular practice of sexually harassing her male subordinates." (*Id.* ¶ 26.) Based upon these allegations, it is apparent that the harassment was not directed at Plaintiff personally. Instead, Plaintiff contends that all male subordinates were harassed. *See Hancuff*, 357 F. Supp. 2d at 832. Therefore, we are compelled to conclude that the intentional infliction of emotional distress

claim in Count Five of Plaintiff's Complaint is preempted by the exclusivity provision of the PWCA with respect to Defendants Park Place Enterprises, Inc. and Shaminy Brook Apartments.

The analysis of Count Five against McDonald and Llewellyn differs from the analysis of this claim with respect to Park Place Enterprises, Inc. and Shaminy Brook Apartments.  The PWCA's exclusivity provision relates only to an employer's liability.  *Armbruster v. Epstein*, Civ. A. No. 96-1059, 1996 WL 289991, at *7 (E.D. Pa. May 31, 1996).  Supervisors such as McDonald and Llewellyn are co-employees for purposes of the PWCA.  *See Lentz v. Gnadden Huetten Mem'l Hosp.*, Civ. A. No. 04-3147, 2004 U.S. Dist. LEXIS 22744, at *2, 9 (E.D. Pa. Nov. 8, 2004).  Since McDonald and Llewellyn were Plaintiff's co-workers, their liability must be analyzed under 77 Pa. Cons. Stat. § 72.  *Armbruster*, 1996 WL 289991, at *7 (citing *Holdampf v. Fid. & Cas. Co.*, 793 F. Supp. 111, 113 (W.D. Pa. 1992)).  Section 72 states:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 Pa. Cons. Stat. § 72.  The PWCA expressly contemplates liability for a co-employee whose intentional tortious conduct results in the injury of a fellow employee.  *Armbruster*, 1996 WL 289991, at *7; *Kinnally v. Bell of Pa.*, 748 F. Supp. 1136, 1144 (E.D. Pa. 1990)).  Accordingly, the PWCA does not preempt Count Five with respect to McDonald and Llewellyn.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS CHURCHRAY | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-CV-531 |
| | : | |
| PARK PLACE ENTERPRISES,  INC., | : | |
| SHAMINY BROOK APARTMENTS, | : | |
| JULIE MCDONALD, and WALT | : | |
| LLEWELLYN IV | : | |

## ORDER

**AND NOW,** this 30th day of June, 2006, upon consideration of Defendants' Motion To Dismiss Counts Four And Five Of The Complaint (Doc. No. 5), and Plaintiff's response thereto, it is ORDERED that the Motion is GRANTED in part and DENIED in part.  Count Four is DISMISSED.  Count Five is DISMISSED with respect to Defendants Park Place Enterprises, Inc. and Shaminy Brook Apartments.

BY THE COURT:

/s R BARCLAY SURRICK

_____

R. Barclay Surrick, Judge